IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JONATHAN PAUL EYEWEAR, INC. and LAVA LIMITED, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO.  1:12-cv-00908 |
| LIVE EYEWEAR, INC., | § § | |
| Defendant. | § § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND DILUTION, FALSE ADVERTISING, UNFAIR COMPETITION, UNJUST ENRICHMENT, AND CONTRIBUTORY LIABILITY**

Jonathan Paul Eyewear, Inc. and Lava Limited ("Plaintiffs"), appearing through the undersigned counsel, allege, on information and belief, as follows:

## NATURE OF ACTION AND JURISDICTION

1.      This is an action for trademark infringement (directly and contributorily), unfair competition, and trademark dilution under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"); for trademark dilution under Chapter 16 of the Texas Business and Commerce Code; for trademark infringement (directly and contributorily), unfair competition, and unjust enrichment under Texas common law; and for an Order to the United States Patent and Trademark Office ordering the dismissal with prejudice of Cancellation No. 92056120 and Opposition No. 91204746 under 15 U.S.C. § 1119.

2.      This Court has jurisdiction over this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121; Title 28 of the United States Code, 28 U.S.C. §§ 1331, 1338 and 1367; and the principles of pendent jurisdiction.

3.     The matter in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.   Accordingly, this Court also has jurisdiction pursuant to 28 U.S.C. § 1332.

4.     This Court has personal jurisdiction over Defendant.  Defendant has engaged in a continuous and systematic course of doing business in Texas, and a substantial portion of the activities complained of herein have occurred and continue to occur in this District.

## PARTIES

5.     Jonathan Paul Eyewear, Inc. is a Texas corporation with a principal place of business located at 2600 McHale Court, Suite 175, Austin, Texas 78758.  Lava Limited is a foreign company with a principal place of business located at 1604 Wing Hing Industrial Building, 83-93 Chai Won Kok Street Tsuen Wan, N.T, Hong Kong.  Jonathan Paul Eyewear, Inc. and Lava Limited are referred to collectively herein as "Plaintiffs."

6.     Live Eyewear, Inc. ("Defendant") is a California corporation with a principal place of business at 3490 Broad Street, San Luis Obispo, California 93401.

## FACTS

**A.     PLAINTIFFS AND THE FITOVERS MARKS**

7.     Two decades ago, Plaintiffs developed a revolutionary new sunglass product designed to be worn on top of customers' existing prescription eyewear ("over-prescription sunglasses").   Utilizing state-of-the-art technologies, Plaintiffs' unique sunglasses have been highly successful and are sold in numerous countries.   Representative images of Plaintiffs' sunglasses and related website are attached as **Exhibit A**.

8.      Plaintiffs have continuously used the mark FITOVERS® and related marks and logos, including the distinctive logo shown below (collectively, the "FITOVERS Marks"), in connection with these revolutionary over-prescription sunglasses.



Since January 1998, Plaintiffs have continuously used the domain name www.fitovers.com in association with its FITOVERS® over-prescription sunglasses.  Representative printouts from Plaintiffs' website are attached as **Exhibit B**.

9.      In addition to their extensive common law rights, Plaintiffs also own an incontestable federal registration for the word mark FITOVERS® covering "sunglasses" (U.S. Reg. No. 2,129,322), which registered January 13, 1998.  Because the word mark is now an incontestable registration, Plaintiffs' mark—when used in connection with "sunglasses"—is presumed valid and cannot be challenged as descriptive.  Attached as **Exhibit C** is a printout from the Trademark Electronic Search System ("TESS") database of the United States Patent and Trademark Office ("USPTO") showing the record for U.S. Reg. No. 2,129,322.

10.     Plaintiffs also own a federal application for the design mark FITOVERS EYEWEAR shown in paragraph 8 above (U.S. Ser. No. 85/405,756) covering "sunglasses," "cases," and related eyewear.  Attached as **Exhibit D** is a printout from the TESS database of the USPTO website showing the record for U.S. Ser. No. 85/405,756.

11.     The FITOVERS Marks are inherently distinctive and serve to identify and indicate the source of the Plaintiffs' products to the consuming public.

12.     Plaintiffs have spent significant sums advertising and promoting the FITOVERS Marks and the goods sold thereunder.  Examples of advertising, industry recognition materials, and selected website pages for Plaintiffs' FITOVERS Marks are attached as **Exhibit E**.  As a result of these efforts and the widespread success of Plaintiffs' over-prescription sunglasses, the FITOVERS Marks have become distinctive, and have come to identify Plaintiffs' products in the minds of consumers and of other individuals working in many aspects of the eyewear industry around the world.

13.     As a result of Plaintiffs' extensive use and promotion of the FITOVERS Marks, Plaintiffs have acquired valuable common law rights in the FITOVERS Marks.

14.     Plaintiffs' FITOVERS Marks are famous within the meaning of 15 U.S.C. § 1125(c)(2)(A) and Texas Business and Commerce Code § 16.103(b).

15.     The FITOVERS Marks and the goodwill thereunder are important assets of Plaintiffs, and Plaintiffs cannot permit a third party to use the FITOVERS Marks in a way that would dilute the distinctiveness of the marks, or cause confusion as to that party's sponsorship or affiliation with, or endorsement by, Plaintiffs.

**B.     DEFENDANT'S INFRINGING ACTIVITIES**

16.     Defendant was established in 2001 by Kieran Hardy, who worked for Plaintiffs between 1997 and 2001 and has intimate knowledge of Plaintiffs' well-known FITOVERS Marks.  Hardy left employment with Plaintiffs in 2001 and subsequently began to sell over-prescription sunglasses, among other eyewear products, as a direct competitor to Plaintiffs.

17.     Although Defendant sells its over-prescription sunglasses under the mark COCOONS, Defendant has used—and is currently expanding its use of—marks confusingly similar to Plaintiffs' FITOVERS Marks in connection with its over-prescription sunglass

products.   For instance, in the "FAQ" section of Defendant's website, Defendant asks "How durable are Cocoons **fit over** sunglasses?"   This example, along with numerous others in Defendant's "FAQ" section, is attached as **Exhibit F**.

18.     Defendant also holds itself out to the public as "The #1 Choice in **Fit Over** Sunglasses," and sells accessories for its COCOONS over-prescription sunglasses under the heading "**Fit Over** Sunglasses."   In fact, Defendant recently admitted to the United States Trademark Trial and Appeal Board that it uses words and various marks highly similar to Plaintiffs' FITOVERS Marks, including **FIT-OVER** and **FIT OVER**, in connection with its identical sunglass products.   In addition, Defendant is currently using the identical mark **FITOVERS** in meta-tags on its website.   True and correct copies of Defendant's uses of **FITOVERS EYEWEAR**, **FITOVERS**, **FITOVER**, **FIT-OVER**, and **FIT OVER** (the "Infringing Marks"), including Defendant's admission, are attached as **Exhibit G**.

19.     Defendant admitted to its use of the Infringing Marks when, on April 16 and September 4, 2012, Defendant filed a Notice of Opposition against Plaintiffs' FITOVERS EYEWEAR design mark (U.S. Ser. No. 85/405,756) and a Petition for Cancellation against Plaintiffs' incontestable FITOVERS® word mark (U.S. Reg. No. 2,129,322), alleging that Plaintiffs' well-known marks describe over-prescription sunglasses and are generic for the category of goods.   Copies of Defendant's filings, in which Defendant also admitted that Plaintiffs are its "direct competitors," are attached as **Exhibit H**.

20.     Significantly, The Vision Council, which is the applicable eyewear industry association, does <u>not</u> refer to this category of products as "FITOVERS," but rather "Over-Prescription Sunwear."   A printout of The Vision Council's Glossary of Terms is attached as **Exhibit I**.

21.     Further, Defendant's Infringing Marks, such as "Cocoons **Fit Over** Sunglasses," do <u>not</u> accurately describe Defendant's products, nor constitute a fair use.  Defendant's over-prescription sunglasses are designed to be worn over prescription <u>eyewear</u>, not sunglasses.

22.     Thus, Defendant's ongoing use of the Infringing Marks for products that are identical to Plaintiffs' products is an unauthorized use of Plaintiffs' well-known FITOVERS Marks.

23.     Defendant uses the Infringing Marks in connection with over-prescription sunglasses sold directly to consumers throughout Texas, including in this District, via Defendant's online store and authorized dealers, such as Cabela's.

24.     Defendant also makes available "**Fitover** Sizing Guide Instructions," as well as other materials incorporating the Infringing Marks, to third parties, which use the materials in connection with the sale of over-prescription sunglasses.  Copies of Defendant's Sizing Guide Instructions, as well as those made available to third parties, are attached as **Exhibit J**.

25.     Before Defendant's inception as a direct competitor, its founder had long known of Plaintiffs and Plaintiffs' prior use of the FITOVERS Marks.

26.     Defendant has long been aware of Plaintiffs' marketing and advertising efforts in association with the FITOVERS Marks, and the widespread industry recognition and acclaim Plaintiffs have received for the FITOVERS Marks as associated with over-prescription sunglasses.

27.     Contrary to Defendant's misrepresentations, Defendant is not affiliated with or sponsored by Plaintiffs and has not been authorized by Plaintiffs to use Plaintiffs' FITOVERS Marks or any confusingly similar marks.

28.    Defendant is using the Infringing Marks in commerce.  Defendant's use of the Infringing Marks began long after Plaintiffs had established rights in the FITOVERS Marks, and after those marks had become famous.

## C.    DETRIMENTAL EFFECT OF DEFENDANT'S ACTIVITIES

29.    Defendant's unauthorized use of the Infringing Marks falsely indicates to the purchasing public that Defendant, its business, and its products, originate with Plaintiffs, or are affiliated, connected, or associated with Plaintiffs, or are sponsored endorsed, approved, or are in some manner related to Plaintiffs and their products.

30.    Defendant's unauthorized use of the Infringing Marks is likely to cause confusion, to cause mistake, and to deceive customers and potential customers of the parties, at least as to some affiliation, connection, or association of Defendant with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant's products by Plaintiffs.

31.    Defendant's unauthorized use of the Infringing Marks falsely designates the origin of its products, and falsely and misleadingly describes and represents facts with respect to Defendant and its products.

32.    Defendant's unauthorized use of the Infringing Marks enables Defendant to trade on and receive the benefit of goodwill generated at great labor and expense by Plaintiffs over many years, and to gain acceptance for its products not solely on Defendant's merits, but on the reputation and goodwill of Plaintiffs, the FITOVERS Marks, and Plaintiffs' products.

33.    Defendant's unauthorized use of the Infringing Marks dilutes and is likely to dilute the distinctive quality of Plaintiffs' FITOVERS Marks.

34.    Defendant's unauthorized use of the Infringing Marks unjustly enriches Defendant at Plaintiffs' expense.  Defendant has been and continues to be unjustly enriched by

obtaining a benefit from Plaintiffs by taking undue advantage of Plaintiffs and Plaintiffs' goodwill. Specifically, Defendant has taken undue advantage of Plaintiffs by trading on and profiting from the goodwill in the FITOVERS Marks developed and owned by Plaintiffs, resulting in Defendant wrongfully obtaining a monetary and reputational benefit for its own business and products.

35.     Defendant's unauthorized use of the Infringing Marks removes from Plaintiffs the ability to control the nature and quality of products provided under the FITOVERS Marks, and places the valuable reputation and goodwill of Plaintiffs in the hands of Defendant, over whom Plaintiffs have no control.

36.     Defendant's false and misleading advertising claims deceive and/or have a tendency to deceive a substantial segment of the intended audience.

37.     Defendant's false and misleading advertising claims are material and likely to influence the purchasing decisions of consumers.

38.     Defendant's false and misleading advertising claims have damaged, are damaging, and are likely to continue damaging and causing irreparable injury to Plaintiffs.

39.     Unless these acts of Defendant are restrained by this Court, they will continue, and they will continue to cause irreparable injury to Plaintiffs and to the public for which there is no adequate remedy at law.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT

40.     Plaintiffs repeat the allegations above as if fully set forth herein.

41.     The acts of Defendant complained of herein constitute infringement of Plaintiffs' federally registered FITOVERS Marks in violation of 15 U.S.C. § 1114(1).

42.    Defendant's acts complained of herein have been deliberate, willful, intentional, or in bad faith, with full knowledge and conscious disregard of Plaintiffs' rights in the FITOVERS Marks, and with intent to cause confusion and to trade on Plaintiffs' vast goodwill in the FITOVERS Marks.  In view of the egregious nature of Defendant's infringement, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

## COUNT II: VIOLATION OF LANHAM ACT § 43(A)

43.    Plaintiffs repeat the allegations above as if fully set forth herein.

44.    The acts of Defendant complained of herein constitute trademark infringement, false advertising, false designation of origin and false or misleading descriptions or representations of fact, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45.    Defendant's acts of trademark infringement, false designation of origin, false advertising, and unfair competition have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117(a).

## COUNT III: FEDERAL TRADEMARK DILUTION

46.    Plaintiffs repeat the allegations above as if fully set forth herein.

47.    The acts of Defendant complained of herein constitute dilution of Plaintiffs' famous FITOVERS Marks in violation of 15 U.S.C. § 1125(c).

## COUNT IV:  DILUTION UNDER TEXAS LAW

48.    Plaintiffs repeat the allegations above as if fully set forth herein.

49.    The acts of Defendant complained of herein constitute dilution of Plaintiffs' famous FITOVERS Marks in violation of Texas Business and Commerce Code § 16.103.

## COUNT V: COMMON LAW TRADEMARK INFRINGEMENT

50.      Plaintiffs repeat the allegations above as if fully set forth herein.

51.      The acts of Defendant complained of herein constitute trademark infringement in violation of the common law of the State of Texas.

## COUNT VI: COMMON LAW UNFAIR COMPETITION

52.      Plaintiffs repeat the allegations above as if fully set forth herein.

53.      The acts of Defendant complained of herein constitute unfair competition in violation of the common law of the State of Texas.

## COUNT VII: UNJUST ENRICHMENT

54.      Plaintiffs repeat the allegations above as if fully set forth herein.

55.      The acts of Defendant complained of herein constitute unjust enrichment of Defendant at the expense of Plaintiffs.

## COUNT VIII: CONTRIBUTORY LIABILITY

56.      Plaintiffs repeat the allegations above as if fully set forth herein.

57.      Defendant has made available materials incorporating the Infringing Marks to third parties, which have used the materials in connection with the sale of over-prescription sunglasses.

58.      Defendant is contributorily liable for the third parties' violations of Plaintiffs' rights in the FITOVERS Marks.

## COUNT IX:

## DISMISSAL OF CANCELLATION NO. 92056120 AND OPPOSITION NO. 91204746

59.      Plaintiffs repeat the allegations above as if fully set forth herein.

60.      This cause of action arises under 15 U.S.C. § 1119.

61.    In view of the validity of Plaintiffs' FITOVERS Marks and Defendant's trademark infringement, unfair competition, trademark dilution, false advertising, and unjust enrichment, Defendant's Cancellation No. 92056120 and Opposition No. 91204746 should be dismissed with prejudice.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that:

(a)    Defendant, and any other persons who are in active concert or participation with Defendant, be permanently enjoined and restrained from using the Infringing Marks, the FITOVERS Marks, and any other mark or logo that is confusingly similar to or likely to cause dilution of Plaintiffs' FITOVERS Marks, from taking any action that is likely to confuse consumers into believing Defendant is affiliated or associated with Plaintiffs, or that falsely or misleadingly suggests such an association, and from any attempt to retain any part of the goodwill misappropriated from Plaintiffs;

(b)    Defendant, and any other persons who are in active concert or participation with Defendant, be required to deliver up and destroy all labels, signs, prints, packages, advertisements, commercials, Internet postings and advertisements, and other promotional materials bearing or using the Infringing Marks, the FITOVERS Marks, and any other mark or logo that is confusingly similar to or likely to cause dilution of Plaintiffs' FITOVERS Marks, and all plates, molds, matrices, and other means of making the same;

(c)    Defendant, and any other persons who are in active concert or participation with Defendant, be permanently enjoined and restrained from inducing others to use the Infringing Marks, the FITOVERS Marks, and any other mark or logo that is confusingly similar to or likely to cause dilution of Plaintiffs' FITOVERS Marks, or from contributing to another's use of the

Infringing Marks, the FITOVERS Marks, and any other mark or logo that is confusingly similar to or likely to cause dilution of Plaintiffs' FITOVERS Marks;

(d)     Defendant be ordered to file with this Court and to serve upon Plaintiffs, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

(e)     This Court issue an Order to the USPTO ordering the dismissal with prejudice of Defendant's Cancellation No. 92056120 and Opposition No. 91204746  under 15 U.S.C. § 1119;

(f)     Plaintiffs recover all damages they have sustained as a result of Defendant's activities, and that said damages be trebled;

(g)     An accounting be directed to determine Defendant's profits resulting from its activities and that such profits be paid over to Plaintiffs, increased as the Court finds to be just under the circumstances of this case;

(h)     Plaintiffs recover their reasonable attorney fees;

(i)     Plaintiffs recover the costs of this action and prejudgment and post-judgment interest; and

(j)     Plaintiffs recover such other relief as the Court may deem appropriate.

DATED: September 28, 2012

Respectfully submitted,

By: _____

Robert Kleinman
State Bar No. 24055786
robert@kleinmanlawfirm.com
Kleinman Law Firm, PLLC
404 W. 7th Street
Austin, TX  78701
(512) 299-5329

By: _____

Louis T. Pirkey
State Bar No. 16033000
lpirkey@pirkeybarber.com
Jered E. Matthysse
State Bar No. 24072226
jmatthysse@pirkeybarber.com
Pirkey Barber PLLC
600 Congress Avenue, Suite 2120
Austin, TX  78701
(512) 322-5200

ATTORNEYS FOR PLAINTIFFS