IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JONATHAN PAUL EYEWEAR, INC. and LAVA LIMITED, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 1:12-cv-00908 |
| vs. | § § | |
| LIVE EYEWEAR, INC., | § § | |
| Defendant. | § § | |

**DEFENDANT LIVE EYEWEAR, INC.'S
ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Live Eyewear, Inc. ("Live Eyewear" or "Defendant"), hereby files its Answer, Affirmative Defenses and Counterclaims to the Complaint against Live Eyewear by Jonathan Paul Eyewear, Inc. and Lava Limited.  Except as expressly and specifically admitted, qualified, or otherwise answered below, Live Eyewear denies each and every allegation in the Complaint. Live Eyewear answers the following numbered paragraphs of the Complaint as follows:

**ORIGINAL ANSWER**

**NATURE OF ACTION AND JURISDICTION**

1.     Live Eyewear admits that this proceeding involves the allegations as pleaded in paragraph 1 of Plaintiffs' Complaint, but Defendant denies those allegations.

2.     Live Eyewear admits that the Court has jurisdiction over this action.

3.     Live Eyewear admits that the Court has jurisdiction over this action.

4.     Live Eyewear admits that it has done business in the State of Texas and this Court has personal jurisdiction. The remaining allegations in paragraph 4 of the Complaint are denied.

5.     Live Eyewear admits that both Jonathan Paul Eyewear, Inc. ("JPE") and Lava Limited are Plaintiffs named in the above-captioned action.  Live Eyewear lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 5 of the Complaint and, therefore, denies same.

6. Live Eyewear admits that it is a corporation organized and existing under the laws of the State of California with its principal place of business at 3490 Broad Street, San Luis Obispo, CA 93401.

## FACTS

7. Live Eyewear denies that Plaintiffs developed revolutionary new sunglass product ("over-prescription sunglasses") but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 7 of the Complaint and, therefore, denies same.

8. Live Eyewear denies that Plaintiffs have a valid trademark in the word "FITOVERS." Plaintiffs fail to identify the "related marks and logos" referred to so Live Eyewear lacks knowledge or information sufficient to form a belief as to the truth of that portion of the allegations in paragraph 8 of the Complaint but denies that Plaintiffs' over-prescription sunglasses are "revolutionary" as alleged in said paragraph. Live Eyewear lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint and they are therefore denied.

9. Live Eyewear denies the allegations in paragraph 9 of the Complaint. Live Eyewear lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 9 of the Complaint and they are therefore denied.

10. Live Eyewear lacks knowledge or information sufficient to form a belief as to the truth of the allegations on paragraph 10 of the Complaint and therefore denies same. Defendant specifically denies that Plaintiffs are entitled to trademark protection for same.

11. Live Eyewear denies the allegations in paragraph 11 of the Complaint.

12. Live Eyewear lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Complaint and therefore denies same.

13. Live Eyewear denies the allegations in paragraph 13 of the Complaint.

14. Live Eyewear denies the allegations in paragraph 14 of the Complaint.

15. Live Eyewear denies the allegations in paragraph 15 of the Complaint.

16. Live Eyewear denies the allegations in paragraph 16 of the Complaint.

17. Live Eyewear admits that it sells its fit over style sunglasses under the COCOONS mark. Live Eyewear denies the remaining allegations in paragraph 17 of the Complaint as phrased. However, Defendant does admit that it uses the generic phrase "fit over sunglasses" in a non-trademark sense to describe the category or type of the product being referred to in the FAQ section attached as Exhibit "F" to the Complaint.

18. Live Eyewear admits that it uses the generic terms or phrase "fit over" to refer to the type or category of its sunglass products that fit over prescription eyewear but denies that it uses those words as a trademark or in a trademark sense. Live Eyewear otherwise denies the allegations set forth in paragraph 18 of the Complaint.

19. Live Eyewear admits that it filed a Notice of Opposition against Plaintiff Lava Limited's FITOVER EYEWEAR application on April 16, 2012 on the grounds that the proposed mark is generic for the category of goods and therefore not entitled to registration and further admits that it filed a Cancellation against Plaintiff Lava Limited's existing registration of the FITOVERS term on the grounds that the mark is generic for the category of goods and therefore the mark was not entitled to registration in the first instance. Live Eyewear denies the allegation in Paragraph 19 of the Complaint that it "admitted to its use of the Infringing Marks." Live Eyewear denies any other allegations contained in paragraph 19 of the Complaint.

20. Live Eyewear denies the allegations in paragraph 20 of the Complaint.

21. Live Eyewear denies the allegations set forth in paragraph 21 of the Complaint.

22. Live Eyewear denies the allegations set forth in s paragraph 22 of the Complaint.

23. Live Eyewear admits that it sells its Cocoons branded fit over style sunglasses in stores nationwide, including some stores in Texas. Live Eyewear denies that it uses infringing marks as alleged in paragraph 23 of the Complaint.

24. Live Eyewear denies the allegations set forth in paragraph 24 of the Complaint.

25. Live Eyewear denies the allegations set forth in paragraph 25 of the Complaint.

26. Live Eyewear denies the allegations set forth in paragraph 26 of the Complaint.

27. Live Eyewear admits that it is not affiliated with or sponsored by Plaintiffs. Defendant denies that it has made misrepresentations regarding same as alleged in paragraph 27 of the Complaint. Defendant further denies that Plaintiffs have a valid trademark and denies that it needs authorization from Plaintiffs (as implied in paragraph 27) to use the generic term "fit over" to describe the style or category of sunglass product it sells or to otherwise use the words in a non-trademark fashion, but otherwise denies.

28. Live Eyewear denies the allegations set forth in paragraph 28 of the Complaint.

29. Live Eyewear denies the allegations set forth in paragraph 29 of the Complaint.

30. Live Eyewear denies the allegations set forth in paragraph 30 of the Complaint.

31. Live Eyewear denies the allegations set forth in paragraph 31 of the Complaint.

32. Live Eyewear denies the allegations set forth in paragraph 32 of the Complaint.

33. Live Eyewear denies the allegations set forth in paragraph 33 of the Complaint.

34. Live Eyewear denies the allegations set forth in paragraph 34 of the Complaint.

35. Live Eyewear denies the allegations set forth in paragraph 35 of the Complaint.

36. Live Eyewear denies the allegations set forth in paragraph 36 of the Complaint.

37. Live Eyewear denies the allegations set forth in paragraph 37 of the Complaint.

38. Live Eyewear denies the allegations set forth in paragraph 38 of the Complaint.

39. Live Eyewear denies the allegations set forth in paragraph 39 of the Complaint.

## COUNT I

40. Live Eyewear adopts and incorporates by reference its responses to paragraphs 1-39, above, as if set forth in full herein.

41. Live Eyewear denies the allegations set forth in paragraph 41 of the Complaint.

42. Live Eyewear denies the allegations set forth in paragraph 42 of the Complaint.

## COUNT II

43. Live Eyewear adopts and incorporates by reference its responses to paragraphs 1-42, above, as if set forth in full herein.

44. Live Eyewear denies the allegations set forth in paragraph 44 of the Complaint.

45. Live Eyewear denies the allegations set forth in paragraph 45 of the Complaint.

### COUNT III

46. Live Eyewear adopts and incorporates by reference its responses to paragraphs 1-45, above, as if set forth in full herein.

47. Live Eyewear denies the allegations set forth in this paragraph.

### COUNT IV

48. Live Eyewear adopts and incorporates by reference its responses to paragraphs 1-47, above, as if set forth in full herein.

49. Live Eyewear denies the allegations set forth in paragraph 49 of the Complaint.

### COUNT V

50. Live Eyewear adopts and incorporates by reference its responses to paragraphs 1-49, above, as if set forth in full herein.

51. Live Eyewear denies the allegations set forth in paragraph 51 of the Complaint.

### COUNT VI

52. Live Eyewear adopts and incorporates by reference its responses to paragraphs 1-51, above, as if set forth in full herein.

53. Live Eyewear denies the allegations set forth in paragraph 53 of the Complaint.

### COUNT VII

54. Live Eyewear adopts and incorporates by reference its responses to paragraphs 1-53, above, as if set forth in full herein.

55. Live Eyewear denies the allegations set forth in paragraph 55 of the Complaint.

### COUNT VIII

56. Live Eyewear adopts and incorporates by reference its responses to paragraphs 1-55,

above, as if set forth in full herein.

57. Live Eyewear denies the allegations set forth in paragraph 57 of the Complaint.

58. Live Eyewear denies the allegations set forth in paragraph 58 of the Complaint.

## COUNT IX

59. Live Eyewear adopts and incorporates by reference its responses to paragraphs 1-58, above, as if set forth in full herein.

60. Live Eyewear denies the allegations set forth in paragraph 60 of the Complaint.

61. Live Eyewear denies the allegations set forth in paragraph 61 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the relief requested.

Any allegation not specifically admitted above is hereby denied.

## AFFIRMATIVE DEFENSES

Live Eyewear asserts the following affirmative defenses. To the extent any of the defenses, in whole or in part, serve merely to negate an element of Plaintiffs' claim, Live Eyewear in no way seeks to relieve Plaintiffs of their burden of proof or persuasion on that element.

First Affirmative Defense
(Generic Mark)

1. The terms "fitover" "fit over," and "fit-over" are common generic terms widely used in the industry, including by Plaintiffs, to refer to a style or category of eyewear that fits over other glasses.

Second Affirmative Defense
(Failure to State a Claim)

2. To the extent one or more of the counts in the Complaint fails to state a claim for which relief may be granted, said claim or claims should be denied.

Third Affirmative Defense
(Statute of Limitations)

3. Each of Plaintiffs' claims is preempted and/or barred by the relevant statute of limitations as Plaintiffs failed to bring any claim within the necessary period after Plaintiffs' actual or constructive knowledge of Live Eyewear's alleged activities as required by law.

Fourth Affirmative Defense
(Fair Use)

4. Live Eyewear's use of the terms "fitover," "fit over," "fit-over," and/or similar terms in association with various products and services it makes available describes Live Eyewear's products, were not used as a trademark, and were used in good faith consistent with that of the optical industry. As such, Live Eyewear's use is subject to the fair use exception of 15 U.S.C. § 1115(b)(4).

Fifth Affirmative Defense
(Laches)

5. Plaintiffs' claims are barred by the doctrine of laches because Plaintiffs unreasonably delayed the commencement of this action, causing prejudice to Live Eyewear.

Sixth Affirmative Defense
(No Likelihood of Confusion)

6. Live Eyewear's use of "fitover," "fit over," "fit-over," and/or similar terms in association with Live Eyewear's products does not result in confusion with Plaintiff Lava Limited's registered mark.

Seventh Affirmative Defense
(Failure to Mitigate Damages)

7. Plaintiffs failed to take reasonable and appropriate steps to mitigate the damages it claims to have incurred.

Eighth Affirmative Defense
(Doctrines of Waiver/Estoppel/Unclean Hands)

8. Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and/or unclean hands.

Ninth Affirmative Defense<br>(No Injury)

9. Plaintiffs' have not been injured in any manner as a result of any act of Live Eyewear.

Tenth Affirmative Defense<br>(Standing)

10. Plaintiff JPE has no standing to bring this action.

Live Eyewear reserves the right to assert further defenses that discovery may reveal.

## COUNTERCLAIMS

Counter-Plaintiff Live Eyewear, Inc. ("Live Eyewear"), by and through its undersigned attorneys, for its Counterclaims against Counter-Defendants Jonathan Paul Eyewear, Inc. and Lava Limited ("Counter-Defendants"), states as follows:

### THE PARTIES

1. Live Eyewear is a corporation duly organized and existing under the laws of the State of California, with its principal place of business located at 3490 Broad Street, San Luis Obispo, California 93401.

2. Upon information and belief, Defendant Jonathan Paul Eyewear, Inc., is a corporation duly organized and existing under the laws of the State of Texas, with its principal place of business located at 2600 McHale Court, Suite 175, Austin, Texas, 78758.

3. Upon information and belief, Defendant Lava Limited, is a foreign company with a principal place of business located at 1604 Wing Hing Industrial Building, 83-93 Chai Won Kok Street Tsuen Wan, N.T., Hong Kong.

### GENERAL ALLEGATIONS

4. Live Eyewear incorporates by reference the allegations in the above paragraphs.

5. These counterclaims arise under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq*. This Court has jurisdiction over the subject matter of the federal counterclaims under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121. This Court has jurisdiction over the

state law counterclaims pursuant to 28 U.S.C. § 1367, as those claims are so related to the federal claims that they form part of the same case or controversy.

6. Counter-Defendants have filed an action alleging, *inter alia*, federal trademark infringement based upon U.S. Registration No. 2,129,322 for FITOVERS (the "'322 Registration"). In its action Counter-Defendants allege that Live Eyewear's use of the terms "fitover," "fit over," fit-over" and/or similar terms infringe this alleged mark.

7. Counter-Defendants' filed their current trademark infringement claims against Live Eyewear after Live Eyewear filed its Petition for Cancellation of the '322 Registration with the United States Patent and Trademark Office (USPTO) on September 4, 2012.

8. Live Eyewear filed its Petition for Cancellation on the grounds that the term "fitovers," or as the examining attorney recognized in 1995 as a pseudo-mark "fit overs," is a common generic term for the category of eyewear products that fit over prescription eyewear and further, that the '322 registration was procured as a result of a material fraudulent representation made by Paul Stables ("Stables") to the USPTO.

9. Live Eyewear also previously filed an Opposition to Registration to Counter-Defendants' USPTO application, U.S. Serial No. 85/405,756, for the proposed mark FITOVERS EYEWEAR (the "'756 Application"), on April 16, 2012. Live Eyewear opposed the '756 Application on the grounds that the proposed mark is a common generic term for the category of eyewear products that fit over prescription eyewear and therefore may not be registered.

10. Starting in 2012, Counter-Defendants began to take aggressive tactics with respect to Live Eyewear's customers, including filing or threatening to file claims against Live Eyewear's customers who use the term "fit over sunglasses" to describe the category of the eyewear.

11. Live Eyewear has been and will continue to be damaged by the invalid '322 Registration as well as the registration of the '756 Application should a registration be granted and therefore petitions this Court to cancel the '322 Registration as well as the '756 Application.

**Facts Relating to Counter-Defendants Original '322 Registration**

---

12. Upon information and belief, Stables is Counter-Defendants' President and/or CEO. Upon information and belief, Stables is an Australian citizen residing in the State of Texas.

13. Upon information and belief, in or around 1992, Stables worked with the Royal Society for the Blind ("RSB") in Adelaide, South Australia and Stables's job entailed, in part, the sourcing of low vision eyewear products for RSB.

14. Upon information and belief, while working with RSB, Stables purchased low vision eyewear products from NoIR Medical Technologies ("NoIR"), a Michigan-based company.

15. Upon information and belief, NoIR sold products to RSB and others called, "Fitovers."

16. Upon information and belief, in or around 1993, Stables formed Australia Vision Services Pty Ltd ("AVS") to market and sell a version of the NoIR Fitover sunglasses he modified by adding padding across the upper edge of the frame (brow bar).

17. Upon information and belief, in or around 1995, Stables was aware of Dioptics Medical Products, Inc. ("Dioptics"), a California corporation manufacturing and selling fit over style medical eye and sunwear under the trademark "Solar Shield: Fits Over Sunwear."

18. Upon information and belief, in 1995, Stables filed an application with the USPTO for "FITOVERS" with knowledge that NoIR, Dioptics, and the optical industry as a whole used the term "fitover" to refer to the classification of eyewear products that fit over prescription eyewear.

**Counter-Defendants' Generic Use of Fitovers**

19. Since acquiring its purported registration in 1997, Counter-Defendants have consistently and regularly sent trade, marketing and advertising communications to the optical industry and the consuming public, where Counter-Defendants identify the category as "fit over sun wear" and the "fitover concept" and refer to their own eyewear products as "fit over style" eyewear. **Exhibits A-B** constitute examples of press releases sent in 2002.

20. Counter-Defendants own packaging, in or around 2001, stated on the side of the box,

"Fitovers® Eyewear produce an array of fit over style sunglasses tailored to fit individual frame style and lifestyle needs." **Exhibit C**.

21.     In March 2004, Counter-Defendants ran a full page advertisement in which they advertised their products as "[t]he world's favorite fit over sunwear."  Attached as **Exhibit D** is a copy of the March 2004 advertisement.

22.     In a March 2010 buyers guide publication issued in connection with the 2010 International Vision Expo & Conference trade show in New York City, Counter-Defendants state, "Keeping with the cutting edge of the Fitover category Jonathan Paul Eyewear strives to bring the highest quality and fashion off [sic] polarized sunwear that slides over top of RX frames."  Attached as **Exhibit E** is a copy of the cover of the guide and Counter-Defendants' listing in the book.

### Optical Industry's Long-Standing Generic Use of "Fitovers"

23.     "Fitover," "fit over," "fit-over," and similar terms have been used widely in the optical industry as the generic means to describe that class (category) of eyewear products that fit over prescription eyewear.  Attached as **Exhibit F** is an advertisement from the Chicago Daily Tribune on July 1, 1942 demonstrating one of the earliest such uses.

24.     **Exhibit G** provides an example of the optical industry's use of "fit over," as the generic category for those eyewear products that fit over prescription glasses, prior to Counter-Defendants claim of its exclusive right to the mark in 1995 and subsequent registration in 1997.

25.     Counter-Defendants use and the general optical industry's pervasive and long-standing use of "fitover" and similar terms demonstrate that the term is far from unique, and rather that the term "fitover" and its similar terms are terms of general meaning, used interchangeably to describe that class (category) of eyewear products that fit over prescription eyewear.

## COUNTERCLAIM ONE
(Declaratory Judgment – Federal Trademark Invalidity)

26. Live Eyewear incorporates by reference the allegations in the above paragraphs.

27. A real and actual controversy exists between Live Eyewear and Counter-Defendants as to whether Counter-Defendant Lava Limited is entitled to a valid trademark in the term "FITOVERS" and/or similar terms. The controversy is of sufficient immediacy and reality to warrant declaratory relief. Given Counter-Defendants' recent conduct, Live Eyewear (as well as the majority of the eyewear industry) is faced with the choice of abandoning its long-standing use of the generic classification of its goods, namely "fitover" sunglasses, or risking liability for damages.

28. Counter-Defendant Lava Limited's federal mark "FITOVERS" and its application for the term "fitovers eyewear" are invalid and subject to cancellation.

29. Pursuant to 15 U.S.C. § 1119, Live Eyewear seeks a declaration that Counter-Defendant Lava Limited's federal mark and proposed federal mark are invalid and an order that Counter-Defendant Lava Limited's registrations are cancelled, so that there will be no controversy clouding Live Eyewear's right to use "fitover," "fit over," "fit-over," and similar terms in association with the class or category of eyewear products in which it sells its goods.

## COUNTERCLAIM TWO
(Declaratory Judgment – Non-Infringement of Federal Marks)

30. Live Eyewear incorporates by reference the allegations in the above paragraphs.

31. To the extent Counter-Defendant Lava Limited's federal mark is valid, Live Eyewear is not liable for infringement. Among other statutory and equitable defenses, Live Eyewear's use of "fitover," "fit over," "fit-over," and/or similar terms in connection with goods made available by Live Eyewear is protected under the doctrines of fair use, laches, waiver, and estoppel.

32. Pursuant to 28 U.S.C. §2201 Live Eyewear seeks a declaration of non-infringement so that there will be no controversy clouding Live Eyewear's right to use "fitover," "fit over," "fit-over," and similar terms in association with products it makes available.

## COUNTERCLAIM THREE
### (Declaratory Judgment – Declaration of Common Law Invalidity)

33. Live Eyewear incorporates by reference the allegations in the above paragraphs.

34. A real and actual controversy exists between Live Eyewear and Counter-Defendants as to whether either or both Counter-Defendants have valid common law trademarks in the terms "fitover," "fit over," and/or "fit-over." The controversy is of sufficient immediacy and reality to warrant declaratory relief. Given Counter-Defendants' recent conduct, Live Eyewear (as well as the majority of the eyewear industry) is faced with the choice of abandoning its long-standing use of the generic classification of its goods, namely "fitover" sunglasses, or risking liability for damages.

35. Counter-Defendants common law marks for "fitovers" and "fitovers eyewear" are invalid and subject to cancellation.

36. Pursuant to 28 U.S.C. §2201 and/or TEX. CIV. PRAC & REM. CODE §§ 37.001, *et seq.* Live Eyewear seeks a declaration that Counter-Defendants' claimed common law marks are invalid and an order that Counter-Defendants' common law interests in the alleged marks, if any, are cancelled, so that there will be no controversy clouding Live Eyewear's right to use "fitover," "fit over," "fit-over," and/or similar terms in association with the class or category of eyewear products in which it sells its goods.

## COUNTERCLAIM FOUR
### (Declaratory Judgment – Non-Infringement of Common Law Marks)

37. Live Eyewear incorporates by reference the allegations in the above paragraphs.

38. To the extent any Counter-Defendants' common law marks are valid, Live Eyewear is not liable for infringement. Among other statutory and equitable defenses, Live Eyewear's use of "fitover," "fit over," "fit-over," and/or similar terms in connection with goods made available by Live Eyewear is protected under the doctrines of fair use, laches, waiver, and estoppel.

39. Pursuant to 28 U.S.C. §2201 and/or TEX. CIV. PRAC & REM. CODE §§ 37.001, *et seq.,* Live Eyewear seeks a declaration of non-infringement so that there will be no controversy

clouding Live Eyewear's right to use "fitover," "fit over," "fit-over," and similar terms in association with products it makes available.

## PRAYER FOR RELIEF

WHEREFORE, Live Eyewear respectfully requests that the Court enter judgment in Live Eyewear's favor as to all claims asserted against it by Plaintiffs and, specifically, prays as follows:

(a) That Jonathan Paul Eyewear, Inc. and Lava Limited take nothing by their Complaint and the Court dismiss the Complaint with prejudice;

(c) That the Court enter a judgment declaring that the terms "FITOVERS," "fitovers," "fit over," "fit-over," "fits over," and "fits-over" are generic for that class (category) of eyewear products that fit over prescription glasses;

(d) That the Court enter a judgment declaring that the term FITOVERS EYEWEAR is generic for that class (category) of eyewear products that fit over prescription glasses;

(e) That the Court enter a judgment, pursuant to 15 U.S.C. § 1119, declaring that Lava Limited's U.S. Trademark Registration No. 2,129,322 is invalid and subject to cancellation;

(f) That the Court enter a judgment, pursuant to 15 U.S.C. § 1119, declaring that Lava Limited's U.S. Trademark Application Serial No. 85/405,756 is invalid and subject to cancellation;

(g) To the extent that Lava Limited establishes valid enforceable rights to "FITOVERS" or similar terms, that the Court enter a judgment declaring that Live Eyewear has not and does not infringe Lava Limited's federal or common law trademarks;

(h) That the Court award Live Eyewear reasonable attorneys' fees under 15 U.S.C. § 1117, 28 U.S.C. §2201 and TEX. CIV. PRAC & REM. CODE §§ 37.001, *et seq*; and,

    (i)    That the Court award Live Eyewear such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Counter-Plaintiff Live Eyewear demands a trial by jury on all claims as to which a jury trial may be had.

Dated:  November 19, 2012

Respectfully submitted,

By:___/Jay L. Raftery/ ____
Jay Laurence Raftery, Jr.
General Counsel
JONATHAN PAUL EYEWEAR, INC.
3490 Broad Street
San Luis Obispo, CA  93401
(805) 782-6438 office
(805) 782-5077 facsimile
jraftery@liveeyewear.com

*Admitted Pro Hac Vice*

And

William M. Parrish
Texas State Bar No. 15540325
bparrish@dpelaw.com
John D. Saba, Jr.
Texas State Bar No. 24037415
jsaba@dpelaw.com
DINOVO PRICE ELLWANGER & HARDY LLP
7000 North MoPac Expressway
Suite 350
Austin, Texas  78731
(512) 539-2626 office
(512) 539-2627 facsimile

ATTORNEYS FOR DEFENDANT
LIVE EYEWEAR, INC.

## CERTIFICATE OF SERVICE

  This is to certify that on this 19th day of November 2012, a true and correct copy of the foregoing document was served via CM/ECF and/or email in accordance with the Federal Rules of Civil Procedure and Local Rule CV-5, to the following:

Louis T. Pirkey
PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120
Austin, Texas  78701
(512) 322-5200

Robert Kleinman
KLEINMAN LAW FIRM, PLLC
404 W. 7th Street
Austin, Texas  78701
(512) 628-3390

           By:___/John D. Saba/_____
           John D. Saba, Jr.